## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

**WESLEY XAVIER BROWN,**

     **Plaintiff,**

**v.**                                       **No. 13-cv-0549 MCA/SMV**

**CUDD PUMPING SERVS., INC.,**

     **Defendant.**

## <u>ORDER GRANTING LEAVE TO AMEND</u>

THIS MATTER is before the Court on Plaintiff's Opposed Motion For Leave to File First Amended Complaint [Doc. 30] ("Motion"), filed on January 10, 2014.  Defendant filed a response in opposition on January 16, 2014 [Doc. 31].  Plaintiff filed his reply on January 30, 2014.  [Doc. 32].  The Court, having considered the briefs and relevant law, and being otherwise fully advised in the premises, finds that Plaintiff's Motion is well-taken and should be **GRANTED**.

Plaintiff brings this suit for discrimination on the basis of race and disability, in violation of Title VII and the Americans with Disabilities Act.  [Doc. 1] at 2, 4.  Plaintiff seeks leave to amend his original complaint "to clarify that he is alleging that he was discriminated [against] because he was perceived disabled . . . ."  [Doc. 30] at 1.  Plaintiff also seeks to add back pay and front pay to the category of damages listed in the complaint.  [Doc. 32] at 1.  Defendant opposes the Motion on the grounds that the request to amend is untimely, creates undue delay, and prejudices the Defendant "to the extent [that Defendant] will be required to complete additional discovery and may need to re-depose Plaintiff."  [Doc. 31] at 2.  Plaintiff replies that he "merely

seeks to amend his complaint to conform to the way the case has been presented." [Doc. 32] at 5. Plaintiff argues that Defendant has been aware throughout the course of discovery that Plaintiff's claims were based on perceived disability and that Plaintiff was seeking back pay and front pay. *Id.* at 1.

"[T]he grant of leave to amend the pleadings pursuant to Rule 15(a) is within the discretion of the trial court." *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006). The Rule provides that leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a)(2). The purpose of the Rule is to provide litigants with "the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties." *Minter*, 451 F.3d 1196, 1204 (10th Cir. 2006); *see also Bylin v. Billings*, 568 F.3d 1224, 1229 (10th Cir. 2009) ("Rule 15 . . . was designed to facilitate the amendment of pleadings except where prejudice to the opposing party would result."); *Evans v. McDonald's Corp.,* 936 F.2d 1087, 1090–91 (10th Cir. 1991) ("[A] plaintiff should not be prevented from pursuing a valid claim . . . , provided . . . that a late shift in the thrust of the case will not prejudice the other party in maintaining his defense upon the merits.").

Defendant alleges that it will be prejudiced by the amendment because it will be required to conduct additional discovery. However, general allegations that additional effort may be required are insufficient to establish prejudice. *See Bylin*, 568 F.3d at 1230 ("[T]he expenditure of time, money, and effort alone is not grounds for a finding of prejudice."). Furthermore, it is not apparent if additional discovery will be necessary. Defendant has not specified what

discovery it will require, only mentioning that it *may* need to re-depose Plaintiff.[1]  Plaintiff's

EEOC charge stated that he believed Defendant discriminated against him based on a perceived

disability, *see* [Doc. 32] at 9, and therefore, Defendant was aware that Plaintiff's suit may

involve perceived disability.  Additionally, Defendant has already propounded written discovery

on the issue of back pay and front pay, s*ee* [Doc. 32] at 24, and has questioned Plaintiff about his

wages and subsequent employment opportunities, *id.* at 43–53.  Accordingly, Defendant was

aware that back pay and front pay were part of the damages that Plaintiff was seeking.

Therefore, Defendant has not demonstrated prejudice, and Plaintiff should be granted leave to

amend.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Plaintiff's

Opposed Motion For Leave to File First Amended Complaint [Doc. 30] is **GRANTED**.  Plaintiff

shall file his First Amended Complaint by **March 3, 2014**.

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**

---

[1]  Although the discovery period ended on February 19, 2014, [Doc. 19] at 2, no trial has been set.  If Defendant requires additional discovery, Defendant should file a motion that complies with D.N.M.LR-Civ 7.1(a).

3