**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

**WESLEY XAVIER BROWN,**

    **Plaintiff,**

**v.**                                                                                **No. 13-cv-0549 MCA/SMV**

**CUDD PUMPING SERVS., INC.,**

    **Defendant.**

## ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S OPPOSED MOTION TO COMPEL

THIS MATTER is before the Court on Plaintiff's Opposed Motion to Compel [Doc. 46] ("Motion"), filed on May 19, 2014. Defendant Cudd Pumping Services, Inc. filed its response on May 30, 2014. [Doc. 47]. Plaintiff filed his Reply on June 13, 2014. [Doc. 48]. Oral argument was held on July 23, 2014. [Doc. 52]. The Court, having considered the briefing, oral argument, and relevant law, and being otherwise fully advised in the premises, finds that the Motion is well taken in part and shall be GRANTED in part and DENIED in part.

The Court finds that the bulk of Plaintiff's discovery requests are meritorious and shall grant the Motion as outlined below. The Court finds that an award of expenses is appropriate under Fed. R. Civ. P. 35(a)(5)(C). Defendant's objections were not substantially justified and that Defendant has presented no circumstances indicating that award of reasonable expenses would be unjust. *See* Fed. R. Civ. P. 37(a)(5)(A)(ii)–(iii). Accordingly, the Court will require Defendant to pay Plaintiff his reasonable expenses, including attorney fees, incurred in the preparation and presentation of Plaintiff's Motion.

IT IS THEREFORE ORDERED that Plaintiff's Motion is **GRANTED** as to Request for Production No. 19(a).

IT IS FURTHER ORDERED that Plaintiff's Motion shall be **DENIED as moot** as to Request for Production No. 26. Based upon defense counsel's representations at the hearing that there are no documents responsive to Request for Production No. 26, Plaintiff's motion is moot on this issue. Defendant is ordered to supplement its response to Request for Production No. 26 to indicate that there have been no lawsuits filed involving allegations against Kenneth Lopez, Sigifredo "Ziggy" Moreno, and/or John Garcia.

IT IS FURTHER ORDERED Plaintiff's Motion is **GRANTED in part** as to Request for Production No. 40, and limited in scope as follows: Defendant shall supplement its response to Plaintiff's Request for Production No. 40 to include all documents concerning any employee who has been off of work due to an injury and/or illness, has been released by a physician to full duty, and has been unilaterally placed on restricted duty by Defendant in the past three years.

IT IS FURTHER ORDERED that Plaintiff shall file an affidavit detailing the expenses incurred in advocating the Motion, including attorney fees, **by no later than August 1, 2014,** for award pursuant to Fed. R. Civ. P. 37(a)(5)(C). If Defendant finds any basis for objecting to the award of expenses, it shall file a response **by no later 10 days after the filing of Plaintiff's affidavit** in support of the award of expenses.

IT IS SO ORDERED.

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**