**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

| | | |
|---|---|---|
| **WESLEY XAVIER BROWN,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Cause No. 2:13-cv-00549-MCA-SMV** |
| | § | |
| **CUDD PUMPING SERVICES, INC.,** | § | |
| | § | |
| **Defendant.** | § | |
| | § | |

**QUALIFIED PROTECTIVE ORDER**
**PERTAINING TO CONFIDENTIAL DOCUMENTS AND PHI OF NON-PARTY**
**EMPLOYEES OF DEFENDANT CUDD PUMPING SERVICES, INC.**

THIS MATTER having come before the Court on Plaintiff's Motion for Compel (the "Motion"), and the Court having granted Plaintiff's Motion in part and ordered production of documents responsive to Request for Production No. 19(a), and in doing so, ordered the Parties to agree to a form of Confidentiality Order concerning the production of documents responsive to Plaintiff's Request for Production No. 19(a) which includes personnel files and DOT records of Defendant Cudd Pumping Services, Inc., employees who are not parties to the litigation. The Parties, having conferred and agreed upon a form of Confidentiality Order, and the Court being otherwise fully advised in the premises, HEREBY FINDS:

1. It may be necessary in the course of this litigation to produce, receive, subpoena, and transmit confidential information and documents including, but not limited to, personnel files, DOT files, safety reports and other records which may contain protected health information ("PHI") or references to PHI of certain non-parties to this litigation who are or were employees of Defendant Cudd Pumping Services (hereinafter, "Non-Party Employees").

2.      Entry of a protective order is necessary to facilitate disclosure and exchange of confidential information, including the PHI of the Non-Party Employees, to preserve its confidentiality and to limit the disclosure and re-disclosure of this information.

3.      IT IS THEREFORE ORDERED, ADJUDGED AND DECREED THAT:

1.      <u>Definitions</u>.   For purposes of this Order, "confidential document(s)" means personnel files of Cudd employees, safety reports and medical records (and information and contents thereof) of current or former Cudd employees, who are not parties to this action, which are determined to be relevant to Plaintiff's claims in the instant lawsuit and that which are otherwise responsive to Plaintiff's Request for Production No. 19(a) that were ordered to be produced by this Court (See Document 53, Filed July 31, 2014) .   Personnel and other records may contain PHI or references to PHI.   "PHI" means protected health information, as that term is used in the HIPPAA, the HIPAA Standards for Privacy of Individually Identifiable Health Information (the "HIPAA Privacy Standards"), as defined in 45 C.F.R. §§ 160 and 164.

2.      <u>Applicability of Protective Order</u>.   Notwithstanding federal or state law limiting the Parties' authority to disclose the PHI of the Non-Party Employees, the Parties are permitted to release all confidential documents, which may include PHI or references to PHI of Non-Party Employees, in their possession, in response to a subpoena, discovery request or other lawful process in this litigation, provided the confidential information and PHI of the Non-Party Employees is determined to be relevant to the issues presented in this litigation.

3.      <u>Use of Confidential Documents including Non-Party Employee PHI</u>.   The Parties shall not use or disclose the confidential documents, including the Non-Party Employee PHI, released for this lawsuit for any other purpose or in any other proceeding.   Except as provided in paragraphs 6, 7 11 and 12, confidential documents, including Non-Party Employee PHI released

for this lawsuit shall not be divulged by Plaintiff, Defendant, or by their attorneys, agents or representatives acting on their behalf, to any person who is not a party to this litigation without the written consent of the parties or their attorneys, or unless this Court so orders, and then only for the purposes of discovery and trial preparation for this action.

5.    <u>Return or Destruction of Confidential Document and/or Non-Party Employee PHI</u>.  All of the confidential documents and Non-Party Employee PHI obtained during the course of this lawsuit shall, within ninety (90) days of the issuance of a final order, or the extinguishment of all appeals therefrom be destroyed or returned to the entity from which the confidential document and/or Non-Party Employee PHI was obtained.  Nothing herein shall prevent Counsel from maintaining a copy of such documents in their litigation files.

6.    <u>Use of Confidential Document and Non-Party Employee PHI</u>.  The Parties are permitted to use the confidential document and/or Non-Party Employee PHI only in a manner that is reasonably connected with this lawsuit.  Unless otherwise agreed to by the Parties and their counsel, the confidential document and/or Non-Party Employee PHI may be disclosed only to the following persons:

a.    the Parties, attorneys, and agents representing the parties to this action;

b.    any person not employed by a party but who is expressly retained by any attorney representing a party to this action to assist in trial preparation;

c.    the Court and court personnel, including stenographic reporters;

d.    expert witnesses retained by any Party; and

e.    any witness who is deposed or interviewed by either party in this litigation, upon consent of opposing counsel, after written notice setting forth the purpose for the

- 3 -

disclosure, the materials to be disclosed and the proposed date of disclosure, such consent not to be unreasonably withheld.

7.      Requirements for Disclosure of Confidential Documents and/or Non-Party Employee PHI to Witnesses and Expert Witnesses.   Prior to disclosing any confidential document or Non-Party Employee PHI to any expert witness or witness to be interviewed, counsel must:

        a.      inform such persons to whom the confidential document and/or Non-Party Employee PHI may be disclosed of this Protective Order and explain the confidentiality and use restrictions imposed by this Order;

        b.      deliver a copy of this Protective Order to all such persons; and

        c.      Attempt to obtain the signature of such persons on the attached "Attachment A" prior to such disclosure, and a copy of the executed "Attachment A" shall be retained by counsel of record responsible for the retention of such experts.

8.      Jurisdiction.   Each person receiving confidential documents and/or Non-Party Employee PHI under the terms of this Protective Order hereby agrees to subject himself or herself to the jurisdiction of this Court for purposes of any proceedings relating to the performance under, compliance with, or violation of this Protective Order.   The Court shall retain jurisdiction after termination of this litigation to enforce the provisions of this Protective Order or remedy any breach thereof.

9.      Protecting Confidential Documents and Non-Party Employee PHI.   Each person who receives confidential documents and/or Non-Party Employee PHI shall exercise due, reasonable and proper care, in connection with the storage, custody, use, and dissemination of

such material, to avoid any intentional or inadvertent disclosure to persons to whom disclosure is not permitted under this Protective Order.

10.     <u>Termination/Expiration of Protective Order</u>.  All provisions of this Protective Order restricting the disclosure or use of confidential documents and Non-Party Employee PHI shall continue to be binding after the conclusion of this action, unless otherwise agreed by all the parties or ordered by the Court.  Upon the termination or expiration of this litigation, unless otherwise ordered by the Court, all persons to whom confidential documents and/or Non-Party Employee PHI has been disclosed shall immediately and forever cease all uses of the confidential documents and/or Non-Party Employee PHI and shall not create any document or other media containing any confidential information or Non-Party Employee PHI.

11.     <u>Use of Confidential Document and/or Non-Party Employee PHI During Court Proceedings</u>.  If any confidential document or Non-Party Employee PHI is used in any Court pretrial proceeding in this litigation (including, but not limited to, conferences, oral arguments, and hearings), the parties shall take all steps reasonably necessary to protect the confidential nature of the confidential document and/or Non-Party Employee PHI during any such use, including, but not limited to, requesting *in camera* proceedings or that the court transcript be sealed and that all persons present not authorized to receive a disclosure of information contained in a confidential document, including Non-Party Employee PHI under this Protective Order be removed from the courtroom.  The terms of this Protective Order do not preclude, limit, restrict, or otherwise apply to the use of documents at hearing or trial.

12.     <u>Use of Confidential Document or Non-Party Employee PHI at Hearing or Trial</u>.  Subject to the New Mexico Rules of Evidence, a confidential document and/or Non-Party Employee PHI may be offered in evidence at trial or any court hearing, provided that the proponent

of the evidence gives advance notice to counsel for the party or other person of the intended use of the confidential document and/or Non-Party Employee PHI as may be required by a scheduling or other order entered by the Court.  Any party may move the Court for an order that the confidential document and/or Non-Party Employee PHI be received *in camera* or under other conditions to prevent unnecessary disclosure.  The Court will then determine whether the proffered evidence should continue to be treated as a confidential document and/or Non-Party Employee PHI and, if so, what protection, if any, may be afforded to such information at the trial or hearing.

13.    <u>Improper Disclosure of Confidential Document and/or Non-Party Employee PHI</u>. If any confidential document, including Non-Party Employee PHI, is disclosed to any person to whom such disclosure is not authorized by this Protective Order, or disclosed other than in a manner authorized by this Protective Order, the party responsible for the disclosure shall, upon discovery of the disclosure, immediately inform the opposing party of all facts pertinent to the disclosure that, after due diligence and prompt investigation, are known to the party responsible for the disclosure (including the name, address, telephone number, and employer of the person to whom the disclosure was made), shall immediately take all reasonable efforts to prevent further disclosure by each unauthorized person who received such information, and shall immediately demand each unauthorized person to return all confidential documents and/or Non-Party Employee PHI that was improperly disclosed to that person, all copies made of the improperly disclosed confidential documents and/or Non-Party Resident PHI, and all documents or other media containing excerpts from or references to the improperly disclosed confidential documents and/or Non-Party Employee PHI.

14.    <u>Modification of Protective Order</u>.  Each party shall have the right to request that the Court modify the terms of this Order in the event that the party believes that a

- 6 -

modification is necessary.  If such an application is made, all signatories of copies of the

Certification, as well as persons described herein, shall remain bound by this Protective Order

unless and until it is modified by the Court.


_____

STEPHAN M. VIDMAR
United States Magistrate Judge




APPROVED AS TO FORM:

The Law Office of Lisa A. Elizondo

By: //s// *Approved via email on 08/14/14*
        Lisa A. Elizondo
        2504 Montana Ave.
        El Paso, TX 79903-3710
        (915) 351-2775
        ***Attorney for Plaintiff***



RODEY, DICKASON, SLOAN, AKIN & ROBB, P.A

By: //s// *Tonja Kirkland King*
        Jeffrey L. Lowry
        Valerie Reighard Denton
        P.O.  Box 1888
        Albuquerque, NM 87103-1888
        Telephone:  (505) 765-5900
        Facsimile:  (505) 768-7395
        E-mail: jlowry@rodey.com
        E-mail:  vdenton@rodey.com

*and*

Tonja Kirkland King
TONJA KING, PC
14514 Logan Falls Lane
Humble, TX 77396
Telephone: (832) 781-8225
Facsimile: (832) 383-5602
E-mail:  tking@tonjakingpc.com

**Attorneys for Defendant**

## ATTACHMENT A

I,_____(name)_____(positi

on), have been retained as an expert on behalf of _____.  I have received

and reviewed a copy of the Qualified Protective Order Pertaining to Confidential Documents and

Protected Health Information (PHI) of Non-Party Employees of Cudd Pumping Services, Inc.,

("Protective Order").  The confidentiality and use restrictions imposed by this Protective Order

have been reviewed and explained to me.

I agree to prevent use or disclosure of confidential documents and information, including

PHI, other than as permitted by the terms of the Protective Order.

Signature _____

Date_____